NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE (S.A.T.), <br><br> Plaintiff, <br><br> v. <br><br> WYNDHAM HOTELS & RESORTS, INC., *et al.*, <br><br> Defendants. | Civil Action No. 24-11511 (SDW) (JBC) <br><br> **OPINION** <br><br> October 8, 2025 |

**WIGENTON**, District Judge.

Before this Court is Defendants Wyndham Hotels & Resorts, Inc. and Ramada Franchise System, Inc.'s ("Franchisor Defendants" or "Wyndham") Motion to Dismiss (D.E. 11) Plaintiff Jane Doe (S.A.T.)'s ("Plaintiff" or "Doe") Complaint (D.E. 1 ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), as well as Defendant Pramukhraj Irving LLC's ("Franchisee LLC") Motion to Dismiss (D.E. 15) pursuant to Rules 12(b)(2) and (b)(6). This opinion is issued without oral argument in accordance with Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, Franchisee LLC's Motion is **GRANTED IN PART and DENIED IN PART**. This Court transfers the instant matter to the United States District Court for the Northern District of Texas.[1]

I.     **FACTUAL BACKGROUND**

---

[1] Given this disposition, this Court declines to address the merits of the Motions to Dismiss.

1

Plaintiff alleges that from January 2012 to December 2014, she was frequently sex trafficked at a Ramada Inn located at 8205 Esters Road in Irving, Texas (the "Subject Ramada Inn"). (Compl. § I ¶ 4.) Plaintiff alleges that Franchisor Defendants, along with Franchisee LLC,[2] "owned, operated, controlled and/or managed" the Subject Ramada Inn and facilitated Plaintiff's sexual exploitation. (*Id.* ¶¶ 15, 17; § I ¶ 5.) Franchisor Defendants were both incorporated in Delaware and have their principal place of business in Parsippany, New Jersey. (*Id.* ¶¶ 11, 13.) Franchisee LLC is a Texas limited liability company ("LLC") with its principal place of business in Texas. (*Id.* ¶ 17.) Plaintiff alleges that Franchisee LLC "owned, operated, controlled, and/or managed" the Subject Ramada Inn during the years she was trafficked. (*Id.*)

## II.   PROCEDURAL HISTORY

On December 31, 2024, Plaintiff initiated this lawsuit, alleging violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591 and 1595. Plaintiff alleges she is "a victim of sex trafficking" under the TVPRA and seeks compensation for the harms stemming from the alleged TVPRA violations. (Compl. ¶ 9.) Count I alleges that all Defendants are liable as beneficiaries under § 1591(a) for the financial benefits derived from their participation in a venture violative of the TVPRA. (Compl. § I ¶¶ 112–15.) Count II asserts that Franchisor Defendants are vicariously liable for the acts of their franchisees and those of the franchisees' subagents. (*Id.* § II ¶¶ 116–21.)[3]

---

[2] The Complaint refers to Defendants Pramukhraj Irving LLC and Global Hospitality, L.P. as "Franchisee Defendants." At this juncture, Defendant Global Hospitality, L.P. has not moved to dismiss Plaintiff's Complaint. To avoid confusion, this Court refers to Defendant Pramukhraj Irving LLC as "Franchisee LLC."

[3] Paragraph 121 of the Complaint states: "Franchisee Defendants are also directly liable to Jane Doe (S.A.T.) under § 2255." It is unclear what statute Plaintiff references, as there is no other mention of § 2255 in the Complaint. Accordingly, this Court construes the aforementioned statement as an error and declines to address it.

2

On March 4, 2025, Franchisor Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6). (D.E. 11.) On March 12, 2025, Franchisee LLC moved to dismiss Plaintiff's Complaint under Rules 12(b)(2) and 12(b)(6), arguing that this Court lacks personal jurisdiction and that Plaintiff has failed to state a claim against it. (D.E. 15.) The parties timely completed briefing; the Motions are ripe for adjudication.

### III.   LEGAL STANDARD[4]

When reviewing a motion to dismiss under Rule 12(b)(2), courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Once a jurisdictional defense is raised, the plaintiff bears the burden of demonstrating the facts necessary to establish personal jurisdiction and "must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (alteration in original) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). If the court does not hold an evidentiary hearing, a plaintiff need only present "a *prima facie* case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

### IV.   DISCUSSION

Franchisee LLC contends that Plaintiff's Complaint against it should be dismissed for lack of personal jurisdiction. (D.E. 15-1 at 7–8.) Franchisee LLC argues there is neither general nor specific personal jurisdiction. This Court addresses each argument in turn.

---

[4] Because this Court does not reach the merits of Franchisor Defendants' Motion, nor the Rule 12(b)(6) arguments raised in Franchisee LLC's Motion, the Rule 12(b)(6) standard is omitted.

3

A. **Personal Jurisdiction: Franchisee LLC**

Federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long-arm statute provides for the exercise of personal jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler & Co. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986) (quoting *Avdel Corp. v. Mecure*, 277 A.2d 207, 209 (N.J. 1971)). "Personal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'" *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Courts in New Jersey "look to federal law for the interpretation of the limits" on personal jurisdiction. *Id.* (citing *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 n.5 (3d Cir. 1990)).

1. **General Jurisdiction**

Under the Constitution, personal jurisdiction can be established either through general or specific jurisdiction. *Bristol-Myers Squibb v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To support general jurisdiction, a defendant's "contacts [with the forum state] need not relate to the subject matter of the litigation," but must rise to "a 'very high threshold of business activity.'" *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004) (quoting *Compagnie des Bauxites de Guinea v. Ins. Co. of N. America*, 651 F.2d 877, 891 n.2 (3d Cir. 1981)).

Franchisee LLC argues that Plaintiff's Complaint fails to establish it is "at home" in New Jersey, particularly where the Complaint asserts the Franchisee LLC's state of registration, principal place of business, and registered agent are in Texas. (D.E. 15-1 at 9.) Corporations are generally deemed "at home" in their place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137; *see Canal Ins. Co. v. Fema Trucking, LLC*, No. 20-17953, 2022 WL 3227188, at *4 (D.N.J. Aug. 20, 2022) ("[G]eneral jurisdiction over a limited liability company only tends to exist in its state of citizenship."). For purposes of general personal jurisdiction, Franchisee LLC is deemed "at home" in Texas, not New Jersey. Thus, this Court lacks general jurisdiction over Franchisee LLC.

### 2. Specific Jurisdiction

Franchisee LLC identifies Plaintiff's sole basis for specific jurisdiction over it as "the purported franchise agreement," and argues that entering said agreement does not sufficiently confer this Court with jurisdiction. (D.E. 15-1 at 11.) Further, Franchisee LLC notes that "the alleged activity relevant to [it] occurred entirely within the state of Texas." (*Id.* at 10.)

Plaintiff argues its Complaint adequately pleads specific jurisdiction over Franchisee LLC. (D.E. 18 at 10.) As to prong one, Plaintiff argues that Franchisee LLC's and Franchisor Defendants' "ongoing and interactive business relationship" links Franchisee LLC's ongoing operations to New Jersey, irrespective of Franchisee LLC's lack of physical presence in this state. (*Id.* at 11–13.) As to prong two, Plaintiff argues there is an adequate nexus between her claims and the business relationship between Defendants, underscoring the fact that Franchisee LLC utilized Wyndham's New Jersey-based room reservation and payment systems and derived a benefit from the business relationship. (*Id.* at 15–17.) Plaintiff maintains she has made a *prima facie* showing regarding the first two prongs and that Franchisee LLC has not adequately argued

5

how this Court's exercise of jurisdiction over it would offend traditional notions of fair play and substantial justice to rebut her showing. (*Id.* at 17–18.) Lastly, as to prong three, Plaintiff adds that New Jersey has a "strong interest in regulating the relevant conduct." (*Id.* at 18.)

Specific jurisdiction exists when a plaintiff's claim "arises from or relates to conduct purposely directed at the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414–15 & n.9 (1984)). The specific jurisdiction inquiry has three steps and is conducted on a claim-by-claim basis. *Id.* First, a defendant must have "purposefully directed his activities" at the forum. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the plaintiff's claim must "'arise out of or relate to' at least one of those specific activities." *Id.* (citing *Helicopteros*, 466 U.S. at 414). Third, courts consider whether the exercise of jurisdiction otherwise comports with "fair play and substantial justice." *Burger King*, 471 U.S. at 476. As applied to this case, Plaintiff must show that Franchisee LLC purposefully availed itself of the privilege of conducting activities in New Jersey and that her claims arise out of Franchisee LLC's contacts with New Jersey. *See Hasson v. FullStory, Inc.*, 114 F.4th 181, 193 (3d Cir. 2024).

Here, Franchisee LLC purposefully availed itself of this forum by entering a franchising relationship with Franchisor Defendants. *See Burger King*, 471 U.S. at 480–82 (holding that a restaurant franchisee in Michigan purposefully availed himself of the forum state of Florida by "negotiat[ing] with a Florida corporation for the purchase of a long-term franchise").

However, Plaintiff's Complaint fails to establish that her TVPRA violation claim proceeding under a beneficiary theory of liability as to Franchisee LLC arises out of or relates to Franchisee LLC's activities in this forum. Prong two requires "a *strong* 'relationship among the defendant, the forum, and the litigation.'" *Hepp v. Facebook*, 14 F.4th 204, 208 (3d Cir. 2021)

6

(emphasis added) (quoting *Helicopteros*, 466 U.S. at 414).  In assessing the strength of the relatedness of Plaintiff's claims to this forum, *Bristol-Myers* is particularly instructive.

In *Bristol-Myers*, a group of plaintiffs consisting of both California and non-California residents filed suit in California alleging that the defendant Bristol-Myers Squibb Company's ("BMS") drug, Plavix, "had damaged their health."  *Bristol-Myers*, 582 U.S. at 259.  BMS, although incorporated in Delaware and headquartered in New York, also engaged in business activities in California—maintaining five research and laboratory facilities and employing around one-hundred-sixty employees.  *Id.* at 258–59.  Notwithstanding such business activities, the Supreme Court found California courts lacked specific jurisdiction over the non-California residents' claims because "a connection between the forum and the specific claims at issue" was missing.  *Id.* at 265.  The Court noted that the nonresidents were not prescribed, did not purchase, did not ingest, and were not injured by Plavix in California.  *Id.* at 264.

Here, Plaintiff relies on the fact that the franchise agreement between the parties was governed by New Jersey law and that said agreement's requirements as to processing payments and reporting and training obligations meant Franchisee LLC was continuously interacting with Wyndham Defendants, essentially amounting to a "venture" under the TVPRA. (D.E. 18 at 15–17.)  As an example, Plaintiff notes Wyndham processed Franchisee LLC's payments on behalf of the LLC using its New Jersey-based systems.  (*Id.* at 15.)

As in *Bristol-Myers*, where the non-California residents did not purchase and were not injured by Plavix in California, this Court similarly finds that the connection between the conduct underlying Plaintiff's claim and this forum is too attenuated to find specific personal jurisdiction.  Although Franchisee LLC may have used Wyndham Defendants' systems in carrying out certain

7

actions, the conduct "at the core of the alleged ventures," namely, "the rental of rooms to sex traffickers," occurred in Texas. (D.E. 18 at 16.)

Plaintiff's reliance on Franchisee LLC's routine interactions with Wyndham by virtue of their ongoing business relationship also does not constitute a strong connection to Plaintiff's venture claim. Jurisdiction must be established on the basis of *each* defendant's own contact with a given forum. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.").

Plaintiff's Complaint fails to establish that her claim arises out of or is related to Franchisee LLC's activities in this state. Thus, this Court concludes Plaintiff has not made a *prima facie* case of personal jurisdiction as it relates to Franchisee LLC.

**B. Appropriate Remedy**

Having concluded that this Court lacks personal jurisdiction over Franchisee LLC, the next question is the appropriate disposition of the case.

"[A] district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). When a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Section 1404(a) permits a court to *sua sponte* transfer a civil action from one proper venue to another proper venue. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); *Sondhi v. McPherson Oil Co.*, No. 20-13986, 2021 WL 5356182, at *4 (D.N.J. Nov. 17, 2021) ("[A] district court may, *sua sponte*, transfer a case from

8

one proper venue to another proper venue pursuant to 28 U.S.C. § 1404(a)."); *see Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011) (finding transferee courts should apply the law of the transferor state when the transferor court *sua sponte* transfers a case). Conversely, Section 1406 applies when the original venue is improper. *Jumara*, 55 F.3d at 878.

Given that venue is proper in the District of New Jersey, this Court proceeds pursuant to Section 1404(a).[5] Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When considering a transfer under § 1404(a), courts "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).

The private interests relate to the "convenience of the parties and witnesses" and include "the plaintiff's forum preference as manifested in the original choice"; "the defendant's preference"; "whether the claim arose elsewhere"; "the convenience of the parties as indicated by their relative physical and financial condition"; "the convenience of the witnesses"; "the location of books and records"; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) (first quoting *Jumara*, 55 F.3d at 879, then quoting *Atl. Marine*, 571 U.S. at 62 n.6).

The public interests "derive from 'the interest of justice.'" *Id.* (quoting 28 U.S.C. § 1404(a)). Factors to consider are: the judgment's enforceability; "the relative administrative difficulty in the two fora resulting from court congestion"; "the local interest in deciding local

---

[5] To the extent venue is improper in this district, Franchisee LLC did not raise an improper venue defense under Rule 12(b)(3) in its Motion, thereby waiving the issue and making this district a proper venue. Fed. R. Civ. P. 12(h); *Sondhi*, 2021 WL 5356182, at *3 (concluding venue in the District of New Jersey was proper where the defendants waived the issue by failing to raise it in their first Rule 12(b) motion).

controversies at home"; the fora's public policies; and "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (quoting *Jumara*, 55 F.3d at 879–90). Imbued within the public interests are judicial economy considerations, "which support 'having the two actions in the same district (through transfer)' when the two cases are in different courts but involve 'the same or similar issues and parties.'" *Id.* (quoting 1 James Moore *et al.*, *Moore's Manual: Federal Practice and Procedure* § 7.81[3][c] (2017)).

This Court finds that the *Jumara* factors merit transferring this matter. Plaintiff is domiciled in Texas and Franchisee LLC is a Texas LLC with its principal place of business in Texas as well. (Compl. ¶¶ 9, 17.) The vast majority of facts underlying this case occurred in Texas. Presumably, witnesses—such as hotel staff—and evidence are also in Texas. As to the public interest factors, this Court is sure that Texas has an interest in deciding this matter. Taking into account judicial economy and the TVPRA's purposes of combatting trafficking, ensuring "just and effective punishment of traffickers," and victim protection, this Court deems the transfer of this case to the United States District Court for the Northern District of Texas proper. H.R. Conf. Rep. No. 106-939, at 3 (2000); *see Doe v. Choice Hotels Int'l, Inc.*, No. 24-1598, 2025 WL 2108792, at *12 (D. Md. July 28, 2025) ("[T[he [c]ourt finds that its lack of personal jurisdiction over [franchisee] GP4, a key party in this litigation, strongly counsels in favor of transferring this case to the Middle District of Florida, a proper venue where, as acknowledged at the hearing by Defendants, personal jurisdiction would exist over both GP4 and [franchisor] Choice."); *Doe v. Choice Hotels Int'l, Inc.*, No. 24-2836, 2025 WL 2430024, at *6–7 (D. Md. Aug. 22, 2025) (affording minimal weight to the plaintiff's choice of venue where the alleged trafficking occurred in Wisconsin, the same state as Plaintiff's domicile, and transferring the case to Wisconsin).

V. **CONCLUSION**

For the reasons stated above, Defendant Pramukhraj Irving LLC's Motion to Dismiss is **GRANTED IN PART and DENIED IN PART** in that this Court finds it lacks personal jurisdiction over Pramukhraj but will transfer the claims against it to the United States District Court for the Northern District of Texas.[6]  This Court also transfers the case against the Wyndham Defendants to the Northern District of Texas.  This Court does not address the merits of Defendants' Motions to Dismiss under Rule 12(b)(6).  An appropriate order follows.

                                        /s/ Susan D. Wigenton
                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        James B. Clark, U.S.M.J.

---

[6] This Court declines to address the parties' arguments concerning jurisdictional discovery in light of its finding that transferring the case is the appropriate remedy.